# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHARON GOSHORN,** Individually and the Administrator of the Estate of her daughter, deceased, : : : : **Plaintiff** : v. : : **PENNSYLVANIA CYTOLOGY SERVICES, DR. RICHARD L. MYEROWITZ, FAMILY HEALTH SERVICES OF SOUTH CENTRAL PENNSYLVANIA, INC., MICHAEL D. OCKER, NANCY DAY, R.N., CATHY SHEDLE, R.N., LAURICE HEINE, M.D., THE CHAMBERSBURG HOSPITAL, SUMMIT HEALTH, MARGARET FLANNAGAN, M.D., MICHAEL RUPP, M.D., ELLEN WRIGHT, C.T., KATHLEEN OWENS, C.T., KEYSTONE PATHOLOGY ASSOCIATES, INC., QUEST DIAGNOSTICS INCORPORATED, CYTO SPECIALTY LABORATORIES,** and **THE UNITED STATES OF AMERICA,** : : : : : : : : : : : : : : : : : : : : **Defendants** : | **CIVIL ACTION NO. 1:08-CV-2238** **(Judge Conner)** |

## ORDER

AND NOW, this 30th day of July, 2009, upon consideration of defendant United States of America's motion to dismiss (Doc. 10) plaintiff's amended complaint (Doc. 1) for failure to exhaust administrative remedies, and it appearing that plaintiff must exhaust all remedies created by a federal agency before bringing a claim against the federal government in district court, see 28 U.S.C. § 2675(a), that plaintiff presented her claim to the Department of Health and Human Services on

November 26, 2008 (Doc. 25, Ex. D at 4-5; Doc. 25, Ex. E at 1) in accordance with requirements set forth in 45 C.F.R. § 35.2(a), and that the agency failed to issue a final disposition of the claim within six months, and the court concluding that this lack of response constitutes a final denial of the claim in accordance with both 45 C.F.R. § 35.2(b) and 28 U.S.C. 2675(a), <u>see</u> <u>Pascale v. United States</u>, 998 F.2d 186, 188 (3d Cir. 1993), it is hereby ORDERED that defendant's motion to dismiss (Doc. 10) is DENIED. Plaintiff shall not be required to amend her complaint to plead that she has exhausted available administrative remedies.[1]

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] During a telephone conference held on July 21, 2009, all counsel conceded that plaintiff has exhausted available administrative remedies and that her claim may proceed in accordance with 28 U.S.C. § 2675(a). They also agreed to submit this matter to mediation, and the court has excused plaintiff from filing an amended complaint that pleads technical exhaustion in order to facilitate expeditious resolution of this case in an amicable manner.